# EXHIBIT "A"

STATE OF NORTH CAROLINA
MECKLENBURG COUNTY

FILED
2023 MAY -3 ⌐ 3:03

MECKLENBURG CO. C.S.C.
BY _____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
23-CVS-7819

PATTI RENA SMARR, as Administrator of the ESTATE of BETTY JO DUNLAP MASON,

    Plaintiff,

v.

PELICAN HEALTH AT CHARLOTTE, LLC, ACCORDIUS HEALTH, LLC, THE PORTOPICCOLO GROUP, LLC, SIMCHA HYMAN and NAFTALI ZANZIPER,

    Defendants.

**COMPLAINT**
**(Jury Trial Demanded)**

COMES NOWS Plaintiff and alleges the following complaint:

1. Decedent Betty Jo Dunlap Mason was at the time of her death, a resident of Mecklenburg County.

2. Plaintiff Patti Rena Smarr is the administrator of the Estate of Betty Jo Dunlap Mason, as appointed by the Clerk of Court of Mecklenburg County.

3. Defendant Pelican Health At Charlotte, LLC (hereinafter "Pelican Health"), is a business entity providing healthcare services in Mecklenburg County.

4. Defendant Accordious Health, LLC (hereinafter "Accordious"), is a business entity organized in the state of North Carolina and providing healthcare services in Mecklenburg County.

5. The Portopiccolo Group, LLC, is a corporation doing business in the state of North Carolina and engaged in the ownership and operation of nursing homes.

6. Defendant Simcha Hyman is a citizen and resident of Charlotte, Mecklenburg County, North Carolina and the CEO of the Portopiccolo Group.

7. Upon information and belief, Defendant Naftali Zanziper is a citizen and resident of Charlotte, Mecklenburg County, North Carolina and is the Owner of the Portopiccolo Group.

8. Upon information and belief, the Portopiccolo Group is the owner in whole or in part of the senior living facility in which the event leading up to the death of the decedent occurred.

9. This action stems from the medical care rendered by Pelican Health employees to decedent Betty Jo Dunlap Mason on or about February 27, 2021.

10. All medical treatment rendered by Defendants occurred in Mecklenburg County.

11. Betty Jo Dunlap Mason (hereinafter "Mason") was a 63-year-old woman who had been a resident of Pelican Health at Charlotte since 2016.

12. On November 7, 2020, Mason's wheelchair got stuck between cement and a rock, causing her to fall forward out of the chair.

13. Mason was deemed at risk for falls due to balance problems related to an above-knee amputation on her right side, rheumatoid arthritis, and diabetic neuropathy.

14. On January 11, 2021, Mason sustained a fall while smoking outside, after which she complained of a headache.

15. On January 11, 2021, Mason was transported by ambulance to Atrium Health Mercy, where a CT scan of her head showed that she had sustained a subdural hemorrhage with a 1 cm midline shift and a fracture of her left distal femur.

16. Mason was transported to Atrium Main where she underwent an emergent right frontal temporal lobe craniotomy.

17. On Feb. 27, 2021, Mason died as a result of the January 11, 2021 fall.

## COUNT I-MEDICAL MALPRACTICE (WRONGFUL DEATH)

18. Plaintiff re-alleges and incorporates the prior stated allegations and facts as if fully set out herein.

19. Pursuant to Rule 9(j), all the medical records of the care rendered by Defendants has been reviewed by an expert who is expected to testify as an expert witness that Defendants breached the applicable standard of care.

20. Defendants violated the applicable standard of care allowing Mason to fall while under their care.

21. Defendants violated the recognized standard of care by failing to implement measures to prevent Mason's fall.

22. Defendants breached the standard of care by ignoring the Morse Fall Scale results for Mason.

23. Defendants breached the standard of care by failing to properly supervise those responsible for providing care to Mason.

24. Defendants breached the standard of care by failing to provide a safe environment for Mason.

25. Defendants breached the standard of care by failing to document Mason's fractured femur.

26. As a result of Defendants' negligence, Mason endured significant pain and suffering, incurred medical expenses and suffered injuries which directly resulted in her death.

27. Plaintiff prays for damages in excess of $25,000 including medical expenses, pain and suffering, punitive damages, court costs, attorney fees, and all other damages awarded by the court and jury.

28. Plaintiff is also entitled to all damages recoverable for wrongful death pursuant to N.C.G.S. §28A-18-2(b) including but not limited to expenses for medical care, funeral expenses, compensation for pain and suffering of decedent, the present monetary value of decedent to the persons entitled to received damages recovered, the net income of the decedent's services, protection, care, assistance, society, companionship, comfort, guidance and advice and such punitive damages for wrongfully causing the death of decedent through the willful and wanton injury and gross negligence in excess of Twenty-five Thousand Dollars ($25,000.00).

29. Plaintiff is entitled to punitive damages on the grounds that Defendants knew or should have known that the failure to modify their plan of care for Mason after her first fall could result in future falls.

## COUNT II-MEDICAL MALPRACTICE (SURVIORSHIP CLAIM)

30. Plaintiff re-alleges and incorporates the prior stated allegations and facts as if fully set out herein.

31. Alternatively, pursuant to Rule 8(e) of the North Carolina Rules of Civil Procedure, Plaintiff pleads that the negligent acts and omissions of Defendants in violation of the standard of care were the proximate cause of Decedent Mason's pain and suffering and incurred medical expenses.

32. Plaintiff prays for damages in excess of $25,000.00 including medical expenses, pain and suffering, punitive damages, court costs, attorney fees, and all other damages awarded by the court and jury.

33. Plaintiff's decedent is entitled to punitive damages on the grounds that Defendants knew or should have known that the failure to modify their plan of care for Mason after her first fall could result in future falls.

**WHEREFORE**, the Plaintiffs pray that they have and recover, jointly and severally of the defendants, as follows:

1. For actual damages and punitive damages in an amount to be assessed by the jury, in excess of $25,000;
2. The costs of this action;
3. Interest as provided by law;
4. Any additional expenses incurred due to spoliation of evidence;
5. Trial by jury; and
6. For any other relief which the Court deems equitable and proper.

This the __03__ day of __May__, 2023.

Charles Ali Everage, NCSB #28267
**HUNTER | EVERAGE**
Post Office Box 25555
Charlotte, North Carolina 28229
Telephone: 704-377-9157
Facsimile: 704-377-9160
*Attorney for Plaintiff*

4